UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re SHELBY PORTER, ) | Case No. 04-02529-WA3-7 |
| ) | |
| Debtor, ) | |
| ) | |
| _____ ) | |

### ORDER

For the reasons stated in the accompanying memorandum, the objection of the chapter 7 trustee to the claim of exemption of the debtor in a Transfer of Lot 5, Walnut Acres Subdivision to Darrell Lyn Porter, Henry County, VA, Deed 5-4-04, Inst. No. 03479 (T.V.) shall be and hereby is sustained.

So ORDERED.

Upon entry of this order the Clerk shall forward copies to William F. Schneider, Esq., the chapter 7 trustee, and Lewis E. Goodman, Jr., Esq., counsel for the defendant.

Entered on this /4th day of December, 2004.

William E. Anderson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

In re SHELBY PORTER,  ) Case No. 04-02529-WA3-7
         Debtor,  )
                                              )

## MEMORANDUM

This matter comes before the court by way of an objection to the claim of exemption of the debtor in a transfer of interest in real property.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (B). Accordingly, this court may render a final order.

*Facts*

On or about May 4, 2004, the debtor transferred real property commonly known as Lot 5, Walnut Acres Subdivision ("the Real Property") to Darryl Lynn Porter.

On June 28, 2004, the debtor filed a chapter 7 petition. On Schedule B (personal property), the debtor scheduled an asset of the estate described as "Transfer of Lot 5, Walnut Acres Subdivision to Darrell Lyn Porter, Henry County, VA, Deed 5-4-04, Inst. No. 03479 (T.V.)" (referred to herein as "the Transfer"). The debtor claimed the Transfer exempt on her Schedule C.

On August 31, 2004, the chapter 7 trustee filed an objection to the debtor's claim of

1

exemption. In the objection, the trustee interpreted the debtor's description of the property claimed exempt as an equity interest in the Real Property. On September 14, 2004, the debtor filed a generic opposition to the trustee's objection.

A briefing schedule was set at the hearing on this matter but neither party opted to file a brief.

## *Discussion*

The issue before the court is whether a debtor may claim exempt a pre-petition transfer of an interest in property. The debtor argues that she has scheduled and claimed exempt not the Real Property, but rather a transfer of that Real Property. The debtor's argument must fail. The syllogism is straight forward. Only property that is property of the estate may be claimed exempt. The Transfer is not property of the estate. Therefore, the Transfer may not be claimed exempt.

Only property that is property of the estate may be claimed exempt. A debtor may exempt certain property of the estate from distribution to creditors by the trustee. See 11 U.S.C. § 522. Consequently, property that is not property of the estate may not be claimed exempt.

The Transfer is not property of the estate. The commencement of a bankruptcy case creates an estate comprised of (1) all legal or equitable interests of the debtor in property as of the commencement of the case; (2) interests of the debtor in community property; (3) certain property acquired by the estate post-petition; and (4) the proceeds, offspring, rents or profits of or from property of the estate. 11 U.S.C. § 541(a)[1]. The Transfer is not community property,

---

[1] The full text of section 541(a) provides as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
    (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
    (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is-
        (A) under the sole, equal, or joint management and control of the debtor; or
        (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so

2

was not acquired post-petition, and does not represent the proceeds, offspring, rents or profits of or from property of the estate.

May a transfer constitute a legal or equitable interest in property? The answer is no. A transfer "means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption". 11 U.S.C. § 101(54). Thus a transfer constitutes all possible modes of disposing of or parting with an interest in property. "Transfer" is a word that describes the shifting of an interest in property from one entity to another; it is not a word that describes a kind of interest in property. It is a word that describes a process, not a word that describes a substantive right. Because it does not describe an interest in property, it cannot describe a legal or equitable interest in property.

Because the Transfer is not a legal or equitable interest in property it cannot be claimed exempt and the objection must be sustained.

## *Conclusion*

Only property that is property of the estate may be claimed exempt. The Transfer is not property of the estate. Therefore, the Transfer may not be claimed exempt. The objection will be sustained.

An appropriate order shall issue.

---

liable.(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.
(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
    (A) by bequest, devise, or inheritance;
    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
    (C) as a beneficiary of a life insurance policy or of a death benefit plan.
(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
(7) Any interest in property that the estate acquires after the commencement of the case.

3

Upon entry of this Memorandum the Clerk shall forward copies to William F. Schneider, Esq., the chapter 7 trustee, and Lewis E. Goodman, Jr., Esq., counsel for the defendant.

Entered on this 14th day of December, 2004.

/s/ William E. Anderson
William E. Anderson
United States Bankruptcy Judge

4